92 A.3d 1165

IN THE MATTER OF DAVID GRUEN, AN ATTORNEY AT LAW (ATTORNEY NO. 0393711999).

July 3, 2014.

**ORDER**

The Disciplinary Review Board having filed with the Court its decision in DRB 13–212, concluding that as a matter of reciprocal

discipline pursuant to *Rule* 1:20–14, **DAVID GRUEN** of **BROOK-LYN, NEW YORK,** who was admitted to the bar of this State in 1999, should be suspended from the practice of law for a period of one year, based on discipline imposed in New York, conduct that in New Jersey constitutes violations of *RPC* 1.15(a) (failure to safeguard funds), *RPC* 1.15(d) (recordkeeping violations), *RPC* 7.3(d) (a lawyer shall not compensate or give anything of value to a person or organization to recommend or secure the lawyer's employment by a client, or as a reward for having made a recommendation resulting in the lawyer's employment by a client), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having further determined that the term of suspension should be served retroactive to the date the discipline was imposed in New York;

And **DAVID GRUEN** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined from its review of the matter that a prospective one-year term of suspension is the appropriate quantum of discipline for respondent's unethical conduct;

And good cause appearing;

It is ORDERED that **DAVID GRUEN** is suspended from the practice of law for a period of one year, effective August 1, 2014, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC*

8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.